question and the statutory reasons for increasing the minimum sentence should be the guiding light. However, a trial judge may consider a defendant's conduct while on probation in order to reflect the court's reassessment of defendant's "rehabilitation potential." (*People v. Ford*, 4 Ill.App.3d 291, 280 N.E.2d 728.) Nevertheless, the sentence imposed here cannot be explained under any of these relevant factors, and the possibility of an improper commingling of the initial offense and the conduct giving rise to the probation revocation is clearly present. Therefore, a new sentencing hearing is required.

Accordingly, the sentence is vacated, and the cause is remanded for a new sentencing hearing in conformity with the views expressed herein.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES PRITCHETT, Defendant-Appellant.

(No. 73-253;

Second District—December 26, 1974.

564

Opinion by Mr. JUSTICE RECHENMACHER.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, and James W. Jerz, of Model District State's Attorneys Office, of Elgin, for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PERRY GILLERY, Defendant-Appellant.

(No. 73-104; )

Second District (1st Division)—December 26, 1974.